IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

George Rappleye

Civil Case # 1:18-cv-00835-RLY-TAB

**MOTION TO SUBSTITUTE PARTY PLAINTIFF AND
FOR LEAVE TO FILE FIRST AMENDED SHORT FORM COMPLAINT**

COMES NOW, Maxine Child, surviving spouse of George Rappleye, and files this motion to substitute. Maxine Child is eligible to serve as the proper plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1). In support thereof, Plaintiff respectfully shows the court the following:

1. Plaintiff George Rappleye initially filed suit in the Circuit Court for the City of St. Louis in the State of Missouri on May 6, 2016. His case, along with several others, was dismissed with leave to refile in the MDL.

2. Plaintiff George Rappleye filed his Short Form Complaint in the United States District Court for the Southern District of Indiana on March 15, 2018.

3. Plaintiff George Rappleye died on or about March 9, 2020.

4. On October 6, 2025, Plaintiff's counsel filed a Notice of Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1). *See* Doc. No. 27222. Plaintiff's counsel recently learned of the death of George Rappleye after contacting his spouse.

1

5. Maxine Child, surviving spouse of George Rappleye, is the proper party plaintiff to substitute for Plaintiff-decedent George Rappleye and to proceed forward with the surviving products liability lawsuit on Plaintiff-decedent's behalf, pursuant to Fed. R. Civ. P. 25(a)(1), stating, "[i]f a party dies, and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."

6. Plaintiff thus moves to substitute Maxine Child, as Heir and Representative of the Estate of George Rappleye, Deceased, as Plaintiff in the present action.

7. Plaintiff also moves to amend the Complaint, as well as the caption of the Complaint, to correct the proper Plaintiff (specifically, Maxine Child, as Heir and Representative of the Estate of George Rappleye, Deceased) and to update and include information, allegations, and actions within the Complaint to reflect that Plaintiff George Rappleye is now deceased.

8. A proposed First Amended Short Form Complaint is attached hereto as Exhibit "A".

9. Pursuant to Federal Rules of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires.

WHEREFORE, counsel for Plaintiff requests this Court for the following relief (1) the Court substitute Maxine Child, as Heir and Representative of the Estate of George Rappleye, Deceased, as Party Plaintiff for George Rappleye; (2) the Court grant leave to file the attached First Amended Short Form Complaint; Case 1:18-cv-00835-RLY-TAB; and, (3) the Court deem the attached First Amended Short Form Complaint filed instanter. A proposed Order is attached hereto as Exhibit "B".

Dated: December 29, 2025.

Respectfully Submitted,

*/s/ Thomas Wm. Arbon*
Thomas Wm. Arbon, TX Bar No. 01284275
**Ben Martin Law Group, PLLC**
3500 Maple Avenue, Suite 400
Dallas, TX 75219
Tel.: (214) 761-6614
Fax: (214) 744-7590
tarbon@bencmartin.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Thomas Wm. Arbon*
Thomas Wm. Arbon